UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANA PINO,

                Plaintiff,

v.                                      Case No.:

FISHER ISLAND CLUB, INC. d/b/a Fisher Island Club,

                Defendant.

## COMPLAINT

Plaintiff ANA PINO ("Plaintiff") sues defendant FISHER ISLAND CLUB, INC. d/b/a Fisher Island Club ("Defendant") and alleges as follows:

## NATURE OF ACTION

This action arises out of Plaintiff's employment relationship with Defendant, including her discrimination and wrongful discharge in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*("ADEA") on account of her age.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1346(b) as Plaintiff has presented claims pursuant to the ADEA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district, has its principal place of business within this district; also, because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in Miami-Dade County, Florida.

## PARTIES

3. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

4. At all times material, Plaintiff was an "aggrieved person" as defined by Fla. Stat. § 760.02(10).

5. At all times material, Plaintiff was an "employee" as defined by 29 U.S.C. § 630.

6. Defendant is a Florida corporation with offices in Miami Beach, Florida.

7. At all times material, Defendant was a "person" and "employer" as defined by Fla. Stat. § 760.02(7) and 29 U.S.C. § 630.

8. At all times material, Defendant employed twenty (20) or more employees for the applicable statutory period and it is subject to the employment discrimination provisions of the FCRA and the ADEA.

9. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office.

   b. Plaintiff was issued a Notice of Right to Sue and this lawsuit is being filed within 90 days from Plaintiff's receipt of the notice.

   c. More than 180 days have passed since Plaintiff filed her original charge of discrimination.

11. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff is a 59-year-old Hispanic woman.

13. Plaintiff began working for Defendant as a waitress/busser/bartender on or about November 21, 2018.

14. Plaintiff was qualified for these positions.

15. During her employment with the Defendant, Plaintiff consistently and successfully completed all her required job duties.

16. Soon after Plaintiff began working for the Defendant, Plaintiff's co-workers began calling Plaintiff "vieja" (old woman) and "abuela" (grandma).

17. Plaintiff objected to the name calling. However, Plaintiff's co-workers continued calling Plaintiff "vieja" (old woman) and "abuela" (grandma), despite Plaintiff's objection.

18. Frustrated by the name calling, Plaintiff filed a formal complaint with Defendant's Human Resources department sometime on or around January of 2019.

19. In response, Defendant began to continuously schedule Plaintiff to work less hours and sometimes would even leave Plaintiff out of the work schedule altogether. In addition, Defendant's manager, Insley (ULN), would repeatedly and intentionally, not publish Plaintiff's work schedule, in an effort to cause Plaintiff to miss work. To overcome this very clear retaliatory action of the Defendant, Plaintiff sometimes had no choice but to show up to work, even when she was not scheduled to work, so as to avoid missing work (and a potential disciplinary action).

20. Further, the mockery and name calling worsened since Plaintiff filed her formal complaint of discrimination with Defendant's Human Resources department.

21. Defendant's actions made Plaintiff constantly feel singled out and in fear of losing her job and of being disciplined. As a consequence, Plaintiff became severely stressed and anxious.

22. On or about March 11, 2019, Plaintiff's anxiety and stress caused Plaintiff to go see her doctors. Upon seeing Plaintiff, her doctors directed Plaintiff to take time off until March 15, 2019, to alleviate her mental health. Plaintiff immediately communicated her doctors' directive to Defendant.

23. Plaintiff followed her doctors' directions and took time off until March 15, 2019.

24. Upon her return, on or about March 16, 2019, Defendant terminated Plaintiff's employment, allegedly because she "abandoned" her job.

25. Defendant's reason for Plaintiff's termination was clearly pretextual as the real reason was discrimination on account of Plaintiff's age and her complaints about age discrimination.

26. The motivating factor that prompted Defendant to discriminate against Plaintiff was Plaintiff's age and her complaints about age discrimination.

27. Upon information and belief, Defendant filled Plaintiff's position with an employee who is younger than Plaintiff. Similarly, employees who work as bussers/bartenders/servers and who are younger than Plaintiff, do not get fired, suspended, or harassed because of their age.

28. Plaintiff's termination in March of 2019 was an act of overt discrimination due to Plaintiff's age and due to Plaintiff's complaints regarding age discrimination.

## COUNT I:
## VIOLATION OF THE FCRA –
## DISPARATE TREATMENT – AGE DISCRIMINATION

29. Plaintiff repeats and re-alleges paragraphs 1 – 28 as if fully stated herein.

30. Plaintiff is over 40 years old and is within a protected class.

31. At all times material to this action, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff due to her age.

32. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

33. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

34. Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited. Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

    A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

    B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and other damages;

    C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    D. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

    E. Award Plaintiff punitive damages;

    F. Award Plaintiff prejudgment interest on her damages award;

    G. Award Plaintiff reasonable costs and attorney's fees; and

    H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE ADEA

35. Plaintiff repeats and re-alleges paragraphs 1 – 28, as if fully stated herein.

36. Plaintiff is over 40 years old and is within a protected class.

37. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff due to her age.

38. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

39. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

40. Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

    A. Enter judgment in Plaintiff's favor and against Defendants for their violations of the provisions of the ADEA;

    B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    C. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

    D. Award Plaintiff liquidated damages under the ADEA;

    E. Award Plaintiff prejudgment interest on her damages award;

    F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III:
## VIOLATION OF THE FCRA – RETALIATION

41. Plaintiff repeats and re-alleges paragraphs 1 – 28, as if fully stated herein.

42. Frustrated by the name calling, Plaintiff filed a formal complaint of age discrimination with Defendant's Human Resources department sometime on or around January of 2019.

43. In response, Defendant began to continuously schedule Plaintiff to work less hours and sometimes would even leave Plaintiff out of the work schedule altogether. In addition, Defendant's manager, Insley (ULN), would repeatedly and intentionally, not publish Plaintiff's work schedule, in an effort to cause Plaintiff to miss work. To overcome this very clear retaliatory action of the Defendant, Plaintiff sometimes had no choice but to show up to work, even when she was not scheduled to work, so as to avoid missing work (and a potential disciplinary action).

44. Further, the mockery and name calling worsened since Plaintiff filed her formal complaint of discrimination with Defendant's Human Resources department.

45. Defendant's actions made Plaintiff constantly feel singled out and in fear of losing her job and of being disciplined. As a consequence, Plaintiff became severely stressed and anxious.

46. On or about March 11, 2019, Plaintiff's anxiety and stress caused Plaintiff to go see her doctors. Upon seeing Plaintiff, her doctors directed Plaintiff to take time off until March 15, 2019, to alleviate her mental health. Plaintiff immediately communicated her doctors' directive to Defendant.

47. Plaintiff followed her doctors' directions and took time off until March 15, 2019.

48. Upon her return, on or about March 16, 2019, Defendant terminated Plaintiff's employment, allegedly because she "abandoned" her job.

49. Plaintiff opposed Defendant's disparate treatment towards her.

50. Defendant terminated Plaintiff because she complained about age discrimination.

51. Defendant's conduct and disregard for Plaintiff's complaints were motivated by an intent to retaliate against Plaintiff for her protected activity under the FCRA.

52. Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited.

53. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the anti-retaliatory provisions of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

E. Award Plaintiff punitive damages;

F. Award Plaintiff prejudgment interest on her damages award;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE ADEA – RETALIATION

54. Plaintiff repeats and re-alleges paragraphs 1 – 28, as if fully stated herein.

55. Frustrated by the name calling, Plaintiff filed a formal complaint of age discrimination with Defendant's Human Resources department sometime on or around January of 2019.

56. In response, Defendant began to continuously schedule Plaintiff to work less hours and sometimes would even leave Plaintiff out of the work schedule altogether. In addition, Defendant's manager, Insley (ULN), would repeatedly and intentionally, not publish Plaintiff's work schedule, in an effort to cause Plaintiff to miss work. To overcome this very clear retaliatory action of the Defendant, Plaintiff sometimes had no choice but to show up to work, even when she was not scheduled to work, so as to avoid missing work (and a potential disciplinary action).

57. Further, the mockery and name calling worsened since Plaintiff filed her formal complaint of discrimination with Defendant's Human Resources department.

58. Defendant's actions made Plaintiff constantly feel singled out and in fear of losing her job and of being disciplined. As a consequence, Plaintiff became severely stressed and anxious.

59. On or about March 11, 2019, Plaintiff's anxiety and stress caused Plaintiff to go see her doctors. Upon seeing Plaintiff, her doctors directed Plaintiff to take time off until March 15, 2019, to alleviate her mental health. Plaintiff immediately communicated her doctors' directive to Defendant.

60. Plaintiff followed her doctors' directions and took time off until March 15, 2019.

61. Upon her return, on or about March 16, 2019, Defendant terminated Plaintiff's employment, allegedly because she "abandoned" her job.

62. Plaintiff opposed Defendant's disparate treatment towards her.

9

63. Defendant terminated Plaintiff because she complained about age discrimination.

64. Defendant's conduct and disregard for Plaintiff's complaints were motivated by an intent to retaliate against Plaintiff for her protected activity under the ADEA.

65. Defendant willfully violated the ADEA or acted with reckless disregard for whether its actions were prohibited.

66. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the anti-retaliatory provisions of the ADEA;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award Plaintiff liquidated damages under the ADEA;

D. Award Plaintiff back pay, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

E. Award Plaintiff prejudgment interest on her damages award;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V:
## VIOLATION OF THE FCRA - HOSTILE WORK ENVIRONMENT

67. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 28 of this Complaint.

68. Plaintiff is a member of a group protected under the FCRA on the basis of age.

69. Commencing in late 2018 and until Plaintiff's termination, Defendant engaged in a persistent pattern of severe and pervasive harassment on the basis of age. This harassment created a hostile environment for Plaintiff in the workplace.

70. Plaintiff did not welcome the conduct described in paragraphs 16-21. She objected to the Defendant's conduct.

71. Plaintiff was subjected to the harassment because of her age.

72. The harassment adversely affected Plaintiff's psychological wellbeing.

73. The harassment unreasonably interfered with Plaintiff's work performance.

74. The harassment to which Plaintiff was subjected would affect the psychological wellbeing and unreasonably interfere with the work performance of a reasonable person.

75. The harassment to which Plaintiff was subjected was sufficiently widespread, pervasive, and prevalent in the Defendant's workplace at all times pertinent hereto to charge the Defendant with constructive notice of it.

76. Plaintiff gave the Defendant actual notice of the harassment on account of her age.

77. Defendant failed to effectively investigate Plaintiff's complaints.

78. Plaintiff sustained emotional suffering and injury attributable to the harassment on account of her age.

79. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against the Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff punitive damages;

E. Award Plaintiff prejudgment interest on her damages award;

F. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VI:
## VIOLATION OF THE ADEA - HOSTILE WORK ENVIRONMENT

80. Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 28 of this Complaint.

81. Plaintiff is a member of a group protected under the ADEA on the basis of age.

82. Commencing in late 2018 and until Plaintiff's termination, Defendant engaged in a persistent pattern of severe and pervasive harassment on the basis of age. This harassment created a hostile environment for Plaintiff in the workplace.

83. Plaintiff did not welcome the conduct described in paragraphs 16-21. She objected to the Defendant's conduct.

84. Plaintiff was subjected to the harassment because of her age.

85. The harassment adversely affected Plaintiff's psychological wellbeing.

86. The harassment unreasonably interfered with Plaintiff's work performance.

87. The harassment to which Plaintiff was subjected would affect the psychological wellbeing and unreasonably interfere with the work performance of a reasonable person.

88. The harassment to which Plaintiff was subjected was sufficiently widespread, pervasive, and prevalent in the Defendant's workplace at all times pertinent hereto to charge the Defendant with constructive notice of it.

89. Plaintiff gave the Defendant actual notice of the harassment on account of her age.

90. Defendant failed to effectively investigate Plaintiff's complaints.

91. Plaintiff sustained emotional suffering and injury attributable to the harassment on account of her age.

92. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against the Defendant for its violations of the ADEA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action under the ADEA;

C. Award Plaintiff liquidated damages;

D. Award Plaintiff prejudgment interest on her damages award;

E. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

DATED: November 16, 2021.	Respectfully submitted,

**s/ Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
E-mail: tblye@saenzanderson.com

Aron Smukler, Esq. (FBN: 297779)
E-mail: asmukler@saenzanderson.com

R. Martin Saenz (FBN: 0640166)
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*